UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JOSEPH W. P. HECKER | CIVIL ACTION |
| VERSUS | NO. 08-4200 |
| CHARLES B. PLATTSMIER, ET AL | SECTION "C" (5) |

ORDER AND REASONS

This matter comes before the Court on motion to dismiss plaintiff's complaints and amended motion to dismiss filed by Charles B. Plattsmier, Jr. ("Plattsmier"), Chief Disciplinary Counsel for the Office of the Office of Disciplinary Counsel ("the ODC") for the Louisiana Supreme Court, Gregory L. Tweed ("Tweed"), Deputy Disciplinary Counsel for the ODC for the Louisiana Supreme Court, the ODC and the Louisiana Supreme Court. (Rec. Docs. 35, 43). The plaintiff has filed an opposition. (Rec. Doc. 40). Having reviewed the record, the memoranda of counsel and the law, the Court has determined that dismissal is appropriate for the following reasons.

The plaintiff, Joseph W. P. Hecker ("Hecker"), is a licensed Louisiana attorney who previously represented Ashton R. O'Dwyer, Jr. ("O'Dwyer") in a civil rights suit, *O'Dwyer v. State of Louisiana*, Civ. Act. 06-7280 "C" (5), and appeared as counsel of record with O'Dwyer in certain Katrina litigation. Hecker filed this complaint and an amended complaint claiming that his constitutional rights were violated by virtue of his

professional relationship with O'Dwyer, who had included Plattsmier, the ODC and the Louisiana Supreme Court as named defendants in his personal civil rights suit.  In this matter, Hecker claims that as a result of O'Dwyer's civil rights suit, Plattsmier and Tweed, in individual and official capacities, the ODC and the Louisiana Supreme Court conspired and filed formal attorney disciplinary charges against Hecker on January 9, 2008.  In addition to claims under 42 U.S.C. § 1983, Hecker alleges malicious prosecution, prosecutorial retaliation, abuse of process, defamation, intentional infliction of emotional distress and improper supervision under La. Civ. Code arts. 2315, 2320, and 2324.  He also claims that Plattsmier, Tweed and the ODC violated the federal Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961, and the Louisiana Racketeering Act ("LRA"), La. Rev. Stat. § 15:1351.  In addition, Hecker claims all four defendants violated the Louisiana Public Records Act ("LPRA"), La. Rev. Stat. 44:1. Hecker seeks monetary and injunctive relief.  In the defendants' motions to dismiss, the plaintiff's claims are challenged on a number of grounds under Fed. R. Civ. P. 12(b)(1), 12(b)(5) and 12(b)(6).

**Motions to dismiss**

In general, when considering a motion to dismiss under Rule 12(b)(6), the court must take the well-pleaded factual allegations of the complaint as true.  *In Re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007).  The plaintiff must plead

sufficient facts to state a claim for relief that is "plausible on its face;" the plaintiff's right to relief must be raised "above the speculative level" by the factual allegations.  Id. Conclusory allegations or legal conclusions serving as factual conclusions will not prevent dismissal. *United States ex rel. Bain v. Georgia Gulf Corp.*, 386 F.3d 648, 654 (5th Cir. 2004).   In order to state a claim under Section 1983, Hecker must demonstrate a violation of the Constitution or federal law and that the violation was committed by someone acting under color of state law.    *Atteberry v. Nocona General Hospital*, 430 F.3d 245, 252-253.

The United States Supreme Court recently advised in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555  (2007), "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, … a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do …" "Factual allegations must be enough to raise a right to relief above the speculative level …" on the assumption that the allegations are true even if doubtful in fact.  Id. Dismissal is not warranted by a judge's disbelief of a complaint's factual allegations or the appearance that recovery is remote and unlikely. *Id.*

**Service of process**

First, Plattsmier, Tweed and the ODC argue that dismissal is warranted under Rule 12(b)(5) for improper service was not made. They claim that the plaintiff's service on Jeffery Collins, Chief Deputy Clerk for the Louisiana Supreme Court does not comply with Fed. R. Civ. P. 4(j)(2) and 4(e). The defendants provide jurisprudence to support the proposition that actual notice is not sufficient substitute for proper service. See *Omni Capital International, Ltd.*, 484 U.S. 97 (1987). The plaintiff does not address the legal aspects of the defendants' argument in his opposition, avers that "substituted service" on the Louisiana Supreme Court is valid as to all defendants, and argues that actual knowledge of the complaint and amended complaint is sufficient. The plaintiff is a licensed attorney. Court finds that the plaintiff's claims are subject to dismissal due to lack of proper service.

**Immunities**

The defendants claim entitlement to three species of immunity. They first invoke immunity under the Eleventh Amendment against claims in federal court as to all defendants, including those Section 1983 claims against Plattsmier and Tweed brought against them in their official capacities in federal court.[1]  A suit for monetary damages

---

[1] The Eleventh Amendment does not bar a § 1983 claim against a state official or employee in his official capacity where the relief sought is "declaratory or injunctive in nature and prospective in effect." *Aguilar v. Texas Department of Criminal Justice*, 160 F.3d 1052, 1054 (5th Cir. 1998). Such individuals are also considered "persons" with respect to claims for such relief. *Stotter v. University of Texas*, 508 F.3d

4

against a state official or employee in his official capacity is actually a suit against the state itself. *Hafer v. Melo*, 502 U.S. 21, 25 (1991). "Official capacity suits generally represent another way of pleading an action against an entity of which an officer is an agent." *Burge v. Parish of St. Tammany*, 187 F.2d 452, 466 (5th Cir. 1999). Such defendants are not "persons" subject to suit under Section 1983. *Stotter v. University of Texas*, 508 F.3d 812, 821 (5th Cir. 2007). The Eleventh Amendment bars suit against the state in federal court unless the state as waived its immunity. *Cozzo v. Tangipahoa Parish Council-President Government*, 279 F.3d 273, 280 (5th Cir. 2002). Both official capacity suits and suits against government offices are barred by the Eleventh Amendment. *Will v. Michigan Dept. of State Police*, 491 U.S. 58 (1989).

The plaintiff argues that the state has waived its Eleventh Amendment immunity. This Court has previously rejected this argument in the *O'Dwyer* case, and makes the same ruling here.

The defendants Plattsmier and Tweed also argue that the are entitled to qualified immunity with regard to the individual capacity Section 1983 claims. The plaintiff has the burden to negate the assertion of qualified immunity once it is raised. *Collier v. Montgomery*, 569 F.3d 214 (5th Cir. 2009).

---

812, 821 (5th Cir. 2007); *American Civil Liberties Union v. Blanco*, 523 F.Supp.2d 476, 479 (E.D.La. 2007). The plaintiff's claim for injunctive relief is discussed separately.

> In *Saucier v. Katz,* the Supreme Court held that a court addressing a claim of qualified immunity must determine first whether the plaintiff has adduced facts sufficient to establish a constitutional or statutory violation before determining "whether [the defendants'] actions were objectively unreasonable in light of clearly established law at the time of the conduct in question. In *Pearson v. Callahan*, the Supreme Court has since held that this sequential two-step analysis was no longer mandatory. Instead, lower courts are "permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be applied first in light of the circumstances at hand." The Court noted, however, that the *Saucier* formulation often is the appropriate analytical sequence.

*Id.* at 217-218. Section 1983 individual capacity claims require heightened pleading with allegations pled with "factual detail and particularity." *Johnson v. Johnson*, 385 F.3d 503, 529 (5th Cir. 2004); *Schultea v. Wood*, 47 F.3d 1427, 1430 (5th Cir. 1995)(en banc); *Jenkins v. Lee*, 1999 WL 97931 (E.D.La.). "Plaintiffs suing governmental officials in their individual capacities ... must allege specific conduct giving rise to a constitutional violation." *Oliver v. Scott*, 276 F.3d 736, 741 (5th Cir. 2002). Hecker argues in opposition that the "defendants act like they are 'law-enforcement officers', but they are not" and that they abused their power *"ultra vires,"* thereby removing qualified immunity. (Rec. Doc. 40, Exh. 6, p. 6).

The Court finds that the plaintiff has fallen short of the mark to provide well-pleaded facts that any conduct by either Plattsmier or Tweed violated a constitutional right or was objectively unreasonable. Instead, the facts plead indicate that these two

6

defendants acted on a disciplinary complaint filed by a state judge; insufficient connection between that complaint and the plaintiff's association with O'Dwyer is shown. Plattsmier and Tweed are entitled to qualified immunity.

The final immunity invoked by Plattsmier and Tweed is absolute prosecutorial immunity from the plaintiff's claims under Section 1983 and Louisiana state law, as well as with regard to claims made against them related to attorney discipline under *Forman v Ours*, 804 F.Supp. 864 (E.D.La. 1992), *aff'd* 996 F.2d 306 (5th Cir. 1993). In addition, the defendants argue that The Louisiana Supreme Court Rules, Rules for Lawyering Disciplinary Enforcemeent, Rule XIX, Section 12A specifically provides disciplinary staff immunity from civil suits:

> Communications to the board, hearing committees, or disciplinary counsel relating to lawyer misconduct or disability and testimony given in the proceedings shall be absolutely privileged, and no lawsuit predicated thereon may be instituted against any complainant or witness. Members of the board, members of the hearing committees, disciplinary counsel, staff ... shall be immune from suit for any conduct in the course of their official duties or reasonably related to their official duties.

Hecker responds that his "allegations in this case include allegations of criminal and illegal activities" that fall outside of the protection of Rule 19, Section 12(A). (Rec. Doc. 40, Exh. 6, p. 5). The Court finds the plaintiff's unsupported allegations insufficient to eliminate the statutory immunity to which the defendants are entitled.

**Conspiracy**

The defendants claim that Hecker's conspiracy claim is subject to dismissal because the plaintiff "pleads no competent facts whatsoever to prove any "causal connexity" between any of the challenged conduct and Plattsmier and Tweed. (Rec. Doc. 35, p. 10). The plaintiff argues that the details of his claims are set forth in his RICO statement. (Rec. Doc. 40, Exh. 4). However, a reading of that document indicates that the plaintiff admits that the basis of the disciplinary action is his failure to appear before a state court judge as ordered, which Hecker claims involved problems with his official address and a lost cell phone. (Rec. Doc. 40, Exhs. 4 & 7). The Court can not find that there is sufficient causal connection between the challenged activities of the defendants and the disciplinary action for purposes of these motions, and notes that the possibility of a connection is far less obvious to the undersigned that what was rejected by the Fifth Circuit in *O'Dwyer v. Nelson*, 310 Fed. Appx. 741, 2009 WL 412462 (5th Cir.).

**Vicarious liability, Public Records Act claim**

With regard to the Section 1983 vicarious liability claims against them, the ODC and the Louisiana Supreme Court seek dismissal under *Monell v. Dept. of Social Services*, 436 U.S. 658 (1978). In opposition to this argument, the plaintiff repeats that the State has waived its Eleventh Amendment immunity and that the "only" vicarious liability sought against the ODC or the Louisiana Supreme Court arises out of state court tort

claims asserted in this matter. (Rec. Doc. 40, Exh. 6, p. 7). The Court unhesitantly finds that the requirements of *Monell* have not been made with regard to the plaintiff's Section 1983 claims.

With regard to the plaintiff's claim under the LPRA, the defendants argue that the Court lacks supplemental jurisdiction under 28 U.S.C. § 1367 because they do not share a common nucleus of operative facts with the other claims made by the plaintiff in this lawsuit, citing *United Mine Workers v. Gibbs*, 383 U.S. 715 (1966). In response, Hecker refers to a "Gill memorandum" apparently authored by O'Dwyer. (Rec. Doc. 40, Exh. 6, att.). Considering the appellate disposition of the O'Dwyer civil rights litigation, this Court is unwilling to revisit claims that have been rejected in that matter to bolster new claims here, which involves essentially action taken on a disciplinary complaint made by a state court judge.

**Injunctive relief**

Finally, the defendants argue that the plaintiff is not entitled to prospective injunctive relief under the Anti-Injunction Act, 28 U.S.C. § 2283[2] and the rule of *Younger v. Harris*, 401 U.S.C. 37 (1971), which requires abstention of state court proceedings

---

[2] The Anti-Injunction Act provides that "[a] court of the United States may not grant an injunction to stay proceedings in a State Court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments."

under certain circumstances.[3]  The defendants argue that the judicial proceedings involve neither the violation of a declaratory decree nor a situation where declaratory relief was unavailable for purposes of the 1996 amendments to Section 1983 and *Pulliam v. Allen*, 466 U.S. 522 (1984).

In response, Hecker argues that a federal court always has jurisdiction to enjoin unconstitutional state action because the state proceedings are motivated by "bad faith, criminal and illegal behavior."  (Rec. Doc. 40, Exh. 6, p. 8).  The Court finds that injunctive relief is unwarranted here.

**State law claims**[4]

When a plaintiff's federal claims are dismissed, it is often appropriate for the court to decline to exercise supplemental jurisdiction over the state law claims.  See 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim ... if ... the district court has dismissed all claims over which it has original jurisdiction."); *see also Bass v. Parkwood Hospital*, 180 F.3d 234, 246 (5th Cir. 1999) ("When

---

[3]  Younger abstention is advisable if the dispute involves ongoing state judicial proceedings, the state has an important interest in regulating the subject matter of the claim, and there is adequate opportunity in the state proceedings to raise constitutional challenges.  *Middlesex County Ethics Committee v. Garden State Bar Assn*, 457 U.S. 423 (1982).

[4]  The Court notes that the plaintiff's RICO and LRA claims were not specifically discussed in the defendants' motions.   They would subject to dismissal, however, on the basis of immunity and defective service of process.

a court dismisses all federal claims before trial, the general rule is to dismiss any pendent claims."). It would be the preference of the undersigned to reserve ruling on the state law claims to state court. However, the defense of immunity would appear to warrant the dismissal of state law claims here, except the claim under the LPRA, as apparently acknowledged by the defendants, along with the claim for injunctive relief. Nonetheless, it is the Court's intent with this ruling to reserve determination of as many state law claims as possible to a state court, if the plaintiff decides to pursue litigation there.

Accordingly,

IT IS ORDERED that the motion to dismiss plaintiff's complaints and amended motion to dismiss filed by Charles B. Plattsmier, Jr., Chief Disciplinary Counsel for the Office of the Office of Disciplinary Counsel for the Louisiana Supreme Court, Gregory L. Tweed, Deputy Disciplinary Counsel for the Office of Disciplinary Counsel for the Louisiana Supreme Court, the Office of Disciplinary Counsel and the Louisiana Supreme Court are GRANTED. (Rec. Docs. 35, 43).

New Orleans, Louisiana, this 25th day of November, 2009.

HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE